■ BREEZEVALE LIMITED, Respondent-Appellant, v TIMOTHY L. DICKINSON et al., Appellants-Respondents. SUSMAN GODFREY, L. L. P., Intervenor-Respondent-Appellant. [693 NYS2d 532] —Order, Supreme Court, New York County (Barry Cozier, J.), entered March 17, 1999, which, *inter alia*, granted the motion of judgment creditor Gibson Dunn insofar as it sought an extension of its levy on the Texas judgment of judgment debtor Breezevale against Exxon, denied Gibson Dunn's motion insofar as it sought authorization for the Sheriff to sell such Texas judgment at auction, and denied lienor Susman Godfrey's motion to intervene, unanimously modified, on the law and the facts, to grant Susman Godfrey's motion to intervene, and otherwise affirmed, without costs.

Gibson Dunn obtained a judgment of $5.4 million against Breezevale in the District of Columbia Superior Court; an appeal in that action is pending. In another action, Breezevale obtained a judgment of over $35 million against Exxon Corp. in a Texas State court; an appeal in that action is also pending. Gibson Dunn brings this special proceeding to direct a sale at public auction of Breezevale's Texas judgment against Exxon in enforcement of its own District of Columbia judgment against Breezevale. Since Exxon never suspended or superseded the Texas judgment against it by any of the methods prescribed by Texas Rules of Appellate Procedure rule 24.1 (a), that judgment is subject to levy by Gibson Dunn as a debt owed to Breezevale, and the New York court need not obtain personal jurisdiction over Breezevale to do so, but only over Exxon, Breezevale's debtor (*see*, CPLR 5201 [a]; 5227). Nor does Breezevale's judgment against Exxon need to have been filed in New York pursuant to CPLR 5402, since Gibson Dunn does not seek to enforce that judgment but rather to sell it in enforcement of its own judgment. Nevertheless, the IAS Court properly exercised its discretion under CPLR 5240 to deny a

public auction of the Texas judgment as unduly prejudicial or disadvantageous to Susman Godfrey, which was Breezevale's attorney in the Exxon case, and has an undivided 20% interest in the Texas judgment by reason of a written retainer agreement and charging lien (*see, Guardian Loan Co. v Early*, 47 NY2d 515, 519). As the IAS Court observed, the only likely bidders would be Exxon and Gibson Dunn, and, at least until the completion of the appeals process in Texas, such an auction would probably yield considerably less than the $5.4 million judgment sought to be enforced herein. Accordingly, we modify to permit Susman Godfrey to intervene (CPLR 1012 [a] [2], [3]). Indeed, if Susman Godfrey were not deemed an interested party, Breezevale would not be entitled to protection under CPLR 5240, since it could have avoided the entire proceeding by posting a bond to secure Gibson Dunn's judgment, and has failed to convincingly argue that it is unable to do so. Concur—Ellerin, P. J., Mazzarelli, Rubin, Andrias and Buckley, JJ.